

**SO ORDERED.**

**SIGNED this 03 day of February, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**John C. Cook
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **CAROLYN GARMANY** | ) | **No. 06-10010** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |

### M E M O R A N D U M

This case came before the court on the debtor's motion to extend the automatic stay pursuant to 11 U.S.C. § 362 (c)(3)(B). The motion was opposed by creditor CitiMortgage, Inc. Following an evidentiary hearing, the court found that the debtor's evidence failed to rebut the presumption that the instant case had not been filed in good faith.

The evidence revealed that the debtor had a prior chapter 13 case that was dismissed in December 2005 for failure of the debtor to make plan payments. At the time of the dismissal, the court had granted CitiMortgage, Inc., relief from the automatic stay. The debtor testified that she had been hospitalized in June 2005 for a week and because of her illness she was not able to make her plan

payments. The debtor filed the present case on January 3, 2006. She testified that just prior to filing her present case she obtained a job earning $175 a week babysitting and $100 a week fixing meals for an individual. The debtor's chapter 13 plan proposes to pay creditors $225 a week.

Because the debtor's prior chapter 13 case was dismissed within one year of the filing of the present case for failure of the debtor to perform the terms of her plan, a presumption arises that the present case was not filed in good faith. 11 U.S.C. § 362(c)(3)(C). In order for the debtor to prevail on a motion for extension of the automatic stay under 11 U.S.C. § 362(c)(3)(B), the debtor must rebut the aforesaid presumption by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C). The proof revealed that the debtor's weekly income totaled $275. When asked in closing argument how the evidence supported a finding that the debtor could pay the weekly plan payments of $225 on $275 a week and still have income to meet her living expenses, debtor's counsel stated that the debtor had relatives who could help the debtor make the payments. The court, however, must base its determination on the evidence presented, and there was insufficient evidence to demonstrate how the debtor's plan could successfully work. Hence, the court must conclude that the debtor failed to rebut, by clear and convincing evidence, the presumption that the present case was not filed in good faith.

Pursuant to the relevant terms of 11 U.S.C. §362(c)(3)(A), "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case." The debtor's motion to continue the aforesaid stay as set forth in §362(c)(3)(A), will be denied by separate order.

###